

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

FILED
SEP 0 7 2011

CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

RUSHMORE GROUP, LLC,
a South Dakota Corporation,

   Plaintiff,

vs.

SAP AMERICA, INC.,
a Delaware Corporation,

   Defendant.

\*     Civ.   *11 - 1031*

\*

\*

\*     COMPLAINT AND JURY DEMAND

\*

\*

\*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## INTRODUCTION

Plaintiff Rushmore Group, LLC, for its Complaint against Defendant SAP America, Inc, hereby states and alleges as follows:

1.    This is an action for money damages for injuries sustained by Plaintiff Rushmore Group, LLC, as the result of material breaches of contracts for services by Defendant SAP America.

## JURISDICTION AND VENUE

2.    Plaintiffs bring this action pursuant to 28 U.S.C. § 1332 (a)(1) as Plaintiff Rushmore, a South Dakota corporation, seeks to recover $660,602.23, plus interest, attorney's fees, and costs from Defendant SAP, a Delaware corporation.

3.    Venue is proper in the District of South Dakota under both 28 U.S.C. § 1391 (a)(1) (because defendant (SAP), resides within this district and 28 U.S.C. § 1391(c) (Defendant SAP resides within the District of South Dakota for venue purposes because it is subject to personal jurisdiction in South Dakota.)

## PLAINTIFFS

4.    At all times relevant to this action, Plaintiff Rushmore Group, LLC (hereinafter Rushmore) was a corporation organized and doing business under the laws of South Dakota, at the address of 9 Forest Avenue, Vermillion, South Dakota 57069.

## DEFENDANTS

5.    At all times relevant to this action, Defendant SAP America was a corporation organized in the State of Delaware, and doing business under the laws of Pennsylvania, at the address of 3999 West Chester Pike, Newton Square, Pennsylvania 19073. SAP America also does business in Minnesota at the address of 7760 France Avenue South Suite 1100, Bloomington, MN 55435.

## FACTUAL ALLEGATIONS

Plaintiffs re-allege paragraphs 1-5 and further state:

6.    Rushmore is a South Dakota corporation that provides various business consulting services, including training, instruction and educational workshops, to businesses, as well as state and county governments and universities nationwide.

7.    SAP America is a Delaware corporation, headquartered in the State of Pennsylvania that provides business software, installation, business consulting services and employee education to various companies worldwide.

8.    Rushmore began providing workshops for SAP's University Alliance Program (UAP) in January of 2002.

9.    Rushmore was asked to, and did in fact, provide workshops to SAP UAP without having a written contract or Purchase Order for over two years before the first written contract between the parties was signed on December 3, 2004. Under this contract, SAP UAP would issue Scope of Work (SOW) orders to Rushmore, Rushmore would provide the

2

services requested under the SOW order, Rushmore would submit an invoice, and SAP would pay Rushmore the amount due. The contract specifically provides that it is to be interpreted under the laws of the State of Pennsylvania.

10. Although SAP originally indicated that it would issue a formal Purchase Order to Rushmore to obtain Rushmore's services, over the course of the working relationship, SAP began to require Rushmore's services on a more fluid or "on-call" basis. Thus, SAP told Rushmore that, in order to obtain the services of Rushmore as needed, without waiting for SAP to process a formal Purchase Order, SAP would begin requesting the services of Rushmore either verbally, via telephone, or in writing, via e-mail or letter, and that Rushmore would then submit an invoice, after the services were rendered, to be paid by SAP after the services had been rendered. Essentially, SAP represented to Rushmore that SAP wanted to streamline the process by removing the formal Purchase Order from the process, which Rushmore had agreed to, and did in fact follow until SAP deemed such process unnecessary.

11. Rushmore subsequently provided many thousands of dollars worth of services to SAP from 2007 through 2008. For a small portion of the work, SAP would issue a formal Purchase Order prior to Rushmore providing the requested services. However, for a vast majority of the work, when SAP needed Rushmore's services, SAP would instruct Rushmore to provide services and then submit an invoice, which SAP promised to pay.

12. Rushmore always performed all the work requested by SAP and frequently received praise from SAP for the quality of the workshops and instructors provided by Rushmore. Rushmore never received criticism of the work it had provided to SAP.

3

13.    At SAP's request, Rushmore provided the following instructional and workshop services

in Canada and Latin America during 2008 and 2009 for which it subsequently billed

SAP, but for which Rushmore was never paid:

| Document Number2007- | Invoice Date | Amount Due |
|---|---|---|
| 215-80 | 7/30/2008 | $20,321.59 |
| 2007-215-82 | 7/30/2008 | $20,729.85 |
| 2008-215-90 | 9/2/2008 | $36,761.89 |
| 2008-215-92 | 9/18/2008 | $12,449.46 |
| 2008-215-93 | 9/18/2008 | $12,365.22 |
| 2008-215-98 | 10/29/2008 | $15,999.10 |

**Total Due: $118,627.11**

14.    As of December 17, 2008, SAP had paid Rushmore for all the work requested by a

formal Purchase Order and all of the work requested without a formal Purchase Order

and billed by invoice from Rushmore, except: a) as set forth above; and b) except for the

work and advice provided in November and December of 2008.

15.    In late 2008, SAP was having budget issues, and Rob LoBue was brought in as the new

Vice-President of SAP and charged with the task of decreasing expenditures to balance

SAP's budget.

16.    On December 17, 2008, in an apparent attempt to cut expenses by any means necessary,

SAP, through Bob LoBue, informed Rushmore that SAP would not be paying Rushmore

for the outstanding invoices for which no formal Purchase Order had been issued,

notwithstanding the fact that SAP had unilaterally altered the terms of the working

4

relationship between SAP and Rushmore to exclude the formal Purchase Order requirement for SAP's convenience, and that Rushmore had always satisfactorily performed all the services requested by SAP, whether by formal Purchase Order or otherwise.

17.     Thereafter, Rushmore set about attempting to obtain payment from SAP by contacting all the people with whom it had formerly communicated with at SAP. Rushmore also retained its present counsel to correspond via letter and email with SAP and its Vice-President, Bob LoBue, to attempt to settle SAP's outstanding debt to Rushmore without burdening the court system with this legal action.

18.     After all attempts were rudely rebuffed, Plaintiff Rushmore decided its only recourse was to bring this federal diversity action to collect the monies due Rushmore by SAP.

**COUNT 1 - ACCOUNT STATED**

Plaintiff re-alleges paragraphs 1-18 and further states:

19.     Plaintiff Rushmore provided administrative and instructional workshop services to SAP between November 1, 2007 and December 31, 2008 in the U.S. and Latin America, and submitted invoices for payment in a timely fashion for all the services rendered. Because SAP has not paid the amounts stated in Rushmore's statements, SAP is liable to Rushmore for $118,627.11, plus interest, attorney's fees, and costs.

**COUNT 2 - BREACH OF CONTRACT**

Plaintiff re-alleges paragraphs 1-19 and further states:

20.     SAP entered into a contract with Rushmore, pursuant to which SAP agreed to pay all obligations as they become due, including the costs of collection, attorney's fees and court costs.

5

21.    Over the course of its business relationship with Rushmore, SAP has ordered and
       received $136,960.44 worth of services from Rushmore which it has not paid for despite
       Rushmore's repeated demands.

22.    That as a result of its non-payment, SAP has breached its contract with Rushmore, all to
       Rushmore's damage in the amount of $136,960.44 plus interest, attorney's fees and costs.

## COUNT 3 - UNJUST ENRICHMENT

Plaintiff re-alleges paragraphs 1-22 and further states:

23.    Over the course of their relationship, at the insistence and request of SAP, SAP has
       received $136,960.44 worth of services for which it has not paid. Consequently, as a
       direct result of its receipt of said services without making payment to Rushmore, SAP has
       been unjustly enriched in the amount of $136,960.44 and Rushmore has been damaged in
       the same amount.

## COUNT 4 - AMOUNTS DUE UNDER CONTRACT

Plaintiff re-alleges paragraphs 1-23 and further states: .

24.    The contract between Plaintiff Rushmore and SAP was properly terminated by written
       notice. Plaintiff Rushmore terminated the contract for cause effective on October 31,
       2010. Plaintiff Rushmore is due contracting amounts accruing from the period in which
       SAP stopped payment until the termination of the contract in the amounts of:

| Period | Amount due |
|---|---|
| 9/2008 - 12/2008 | $80,560.28 |
| 1/2009 - 12/2009 | $241,680.83 |
| 1/2010 - 10/2010 | $201,400.69 |
| Total: | $523,641.79 |

6

## **PRAYER FOR RELIEF**

Plaintiff prays for judgment and relief as follows:

      a.      Awarding Plaintiff compensatory damages against the Defendant for

              $660,602.23, plus interest, attorney's fees and costs.

      b.      Awarding Plaintiff such punitive damages as the Court may deem appropriate

              for Defendant's bad faith or other dilatory conduct; and

      c.      Granting such other relief as the Court may deem just and equitable.

## **JURY DEMAND**

25.      Plaintiff demands trial by jury.

      Dated this 6th day of September, 2011.

                       SIEGEL, BARNETT & SCHUTZ, L.L.P.

                       Reed Rasmussen
                       415 S. Main Street, 400 Capitol Building
                       PO Box 490
                       Aberdeen, SD  57402-0490
                       Telephone No. (605) 225-5420
                       Facsimile No. (605) 226-1911
                       rrasmussen@sbslaw.net

                                and

                       Terry P. Duggins
                       The Duggins Law Firm, LLC
                       The Lowry Building
                       350 St. Peter Street, Suite 224
                       St. Paul, MN  55102
                       Telephone No. (651) 490-0222
                       terry@dugginslawfirm.com

                       Attorneys for Plaintiff